UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CRAIG ALAN TOAZ,

        Petitioner,                            Case No. 1:04-CV-148
                                                                      (Criminal Case No. 1:97-CR-161)

v.

UNITED STATES OF AMERICA,                HON. GORDON J. QUIST

        Respondent.
_____/

**OPINION**

**I. Introduction and Procedural History**

On November 6, 1997, a federal grand jury issued a multiple-count indictment charging Petitioner with several crimes. At Petitioner's final pretrial conference ("FPTC"), his attorney moved to withdraw as Petitioner's counsel due to an alleged breakdown in their professional relationship. (FPTC Tr., Pet'r Mot. App. at A17-18.) Likewise, Petitioner gave some indication that he wished to represent himself at trial. (*Id.* at A18.) The Court asked Petitioner why he did not want counsel to represent him, and in response, Petitioner noted that he was unhappy with the results of a related forfeiture proceeding. (*Id.* at A19.) The Court repeatedly asked Petitioner why he believed his counsel could not represent him effectively in the upcoming criminal trial. Petitioner's answers, focused entirely on the forfeiture, were unresponsive. (*Id.* at A19-21.) Accordingly, the Court denied the motion. (*Id.* at A22.)

Petitioner was tried before a jury and found guilty of the charged crimes. On June 14, 2000, the Court sentenced Petitioner to life in prison. Petitioner appealed his sentence to the United States

Court of Appeals for the Sixth Circuit, which affirmed his convictions and sentence on February 13, 2003. *United States v. Toaz*, 59 F. App'x 94 (6th Cir. 2003). On March 8, 2004, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255"). Petitioner advanced numerous claims for relief in his § 2255. In one claim, Petitioner asserted that his appellate counsel provided ineffective assistance when he failed to argue that this Court denied Petitioner his constitutional right to represent himself at trial. (Pet'r § 2255 Br. at 24-26.) The Government filed a response, in which it argued that Petitioner failed to make a clear and unequivocal request to represent himself, and thus, Petitioner's appellate counsel need not have raised the self-representation issue on appeal. (Gov't § 2255 Resp. at 12-13.) On October 8, 2004, Petitioner filed a motion for copies of all transcripts, including the FPTC transcript.

The Court issued an Opinion and Order denying Petitioner's § 2255 and transcript request on March 7, 2005. The Court's Opinion states in part:

> Petitioner claims that he tried to represent himself at trial and that the Court denied him that basic right. Petitioner claims that his appellate counsel was ineffective for not having made that an issue on appeal. There is no doubt that Petitioner had the right to represent himself during the trial. **However, as the government points out, Petitioner had the duty to clearly and unequivocally notify the Court that he desired to represent himself.** *United States v. Faretta*, 422 U.S. 806, 95 S. Ct. 2525 (1975); *United States v. McDowell*, 814 F.2d 245, 250 (6th Cir. 1987). **Petitioner fails to point to any record citation where he made his desires in this respect clearly and unequivocally known to the Court.** The Court did recognize certain tensions between Petitioner and his trial counsel, and permitted Petitioner to make certain arguments himself when trial counsel would not make them. But there was no breakdown in communication, and Petitioner's counsel continued to perform effectively.

(March 7, 2005, Op. at 11-12 (emphasis added).) The Court denied Petitioner's transcript request because, among other reasons, its denial of Petitioner's § 2255 rendered his transcript request moot. (*Id.* at 18.)

2

According to Petitioner, on or about May 24, 2007, a third-party provided him with a copy of the FPTC transcript. (Pet'r Mot. at 2.) Nearly a year later, on April 14, 2008, Petitioner filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which is presently before the Court. Petitioner claims that the Court and the Government conspired to commit an intentional act of fraud upon him during his § 2255 proceeding. (*Id.* at 6.) Specifically, Petitioner claims that the Court, relying on the Government's response, stated that there was no record of Petitioner having requested to represent himself at trial; yet the FPTC transcript, which the Court denied Petitioner access to, proves that the Court's statement was fraudulent. (*Id.* at 5.) The Government filed a response to Petitioner's Rule 60(b) motion, and Petitioner filed a reply. Upon due consideration, the Court will deny Petitioner's motion as untimely and devoid of merit.

## II. Petitioner's Motion is Not Construed as a Second or Successive § 2255

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment, order, or proceeding, under a limited set of circumstances. One of those circumstances exists where fraud, misrepresentation, or misconduct is committed by an opposing party. Fed. R. Civ. P. 60(b)(3). In some cases, however, a Rule 60(b) motion may be more accurately construed as a second or successive § 2255. Rule 60(b) relief is available only if the motion attacks some defect in the integrity of the proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005). Conversely, "a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence 'if it attacks the federal court's previous resolution *on the merits*.'" *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (emphasis in original) (quoting *Gonzalez*, 545 U.S. at 532, 125 S. Ct. at 2641.) A Rule 60(b) motion construed as a second or successive § 2255 must be authorized for filing by the Sixth Circuit. *Id.* at 1023; 28 U.S.C. § 2255(h).

Petitioner argues that his Motion is a bona fide Rule 60(b) motion because he is challenging the integrity of his § 2255 proceeding. (Pet'r Reply at 2.) The Government, in contrast, argues that Petitioner is making an improper substantive attack against the Court's § 2255 denial. (Gov't Resp. at 2).

While Petitioner's motion leaves no doubt that he takes issue with the Court's merits determination in its March 7, 2005, Opinion, as the Court understands it, Petitioner's motion really challenges the Court's procedural ruling denying his request for the FPTC transcript. That is, Petitioner appears to argue that the Court's denial of that motion not only precluded Petitioner from obtaining the information he needed in order to properly present his argument regarding the denial of self representation, but also excluded from the Court's consideration information that was material to Petitioner's ineffective assistance claim. Petitioner's motion therefore challenges a procedural ruling rather than the Court's previous resolution of the claim on the merits. *See Gonzalez*, 545 U.S. at 532 n.4, 125 S. Ct. 2648 n.4 (stating that a challenge to a ruling on an issue that precluded merits review, such failure to exhaust, procedural default, or statute of limitations is not in the nature of a habeas claim); *Mitchell v. Rees*, 261 F. App'x 825, 829 (6th Cir. 2008) (holding that the petitioner's assertion in his Rule 60(b) motion that he was denied an evidentiary hearing and his request to reopen the case and grant him a hearing was not a "claim" for purposes of federal habeas relief, even though the district court actually decided the claim on the merits). Thus, the Court treats the motion as a true Rule 60(b) motion.

### III. Petitioner's Motion is Untimely and Meritless

Even allowing Petitioner's motion to stand pursuant to Rule 60(b), it is untimely. Petitioner invokes the fraud provision in Rule 60(b)(3). A motion under Rule 60(b)(3) "must be made . . . no

more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In this case, the Court entered its Order and Judgment dismissing Petitioner's § 2255 with prejudice on March 7, 2005. Petitioner filed the instant Motion on April 14, 2008, well beyond the one-year filing limit. This time limit is jurisdictional, and a district court lacks the authority to extend it. *Smith v. Sec'y of Health & Human Servs.*, 776 F.2d 1330, 1332-33 (6th Cir. 1985). Petitioner's motion is therefore untimely.

Petitioner's Motion is also without merit. As a preliminary matter, the Court is not an "opposing party" as contemplated by Rule 60(b)(3). *See Thomas v. Fulton*, No. 3:07CV200-MU, 2008 WL 320031, at *1 (W.D.N.C. Feb. 4, 2008) (plaintiff's allegation of misconduct solely on the part of the court, not a party to the case, fails to meet the basic requirement of Rule 60(b)(3)). Moreover, a moving party must establish fraud under Rule 60(b)(3) by "clear and convincing evidence." *Crehore v. United States*, 253 Fed. App'x 547, 549 (6th Cir. 2007) (citing *Jordan v. Paccar*, No. 95-3478, 1996 WL 528950, at *9 (6th Cir. Sept. 17, 1996) (per curiam)). Petitioner's bare allegations fail to meet that burden. Petitioner alleges in conclusory fashion that this Court fraudulently concealed the FPTC transcript, but nothing in Petitioner's motion or the record shows that this Court knew or believed that the FPTC transcript would support Petitioner's claim. Review of the Court's Opinion shows that it denied Petitioner's § 2255 because, although there were some disagreements between Petitioner and counsel, there was no breakdown in their communication, and Petitioner did not unequivocally request to represent himself. This conclusion is fully supported by the record and cannot be challenged in a Rule 60(b) motion. Finally, Petitioner's claim that the Government somehow committed fraud is similarly baseless. The Government simply argued that Petitioner did not clearly and unequivocally request to represent himself–this cannot be considered

fraudulent conduct.

As a final effort, Petitioner attempts to pursue his fraud claim under the "catch-all" provision found in Rule 60(b)(6). Under that provision, relief from a final judgment, order, or proceeding may be granted for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, Petitioner is not entitled to rely upon Rule 60(b)(6) as a grounds for his motion. It is well established that a motion may not be brought under Rule 60(b)(6) if it is premised on one of the grounds for relief set forth in clauses (b)(1) through (b)(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11, 108 S. Ct. 2194, 2204 & n. 11 (1988). Here, Petitioner alleges fraud, which is covered by Rule 60(b)(3).[1] Thus, this Court would abuse its discretion by allowing Petitioner to proceed under Rule 60(b)(6). *Mitchell*, 261 F. App'x at 829-30.

### IV. Certificate of Appealability

Pursuant to *United States v. Hardin*, 481 F.3d 924 (6th Cir. 2007), the Sixth Circuit has held that a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B) is a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion. *See id.* at 926.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th

---

[1] At most, Petitioner's allegation is that the Court made a mistake of fact in denying his motion for transcripts or in denying his claim in its Order and Judgment. Such an allegation would provide a basis for relief under Rule 60(b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (holding that a motion under Rule 60(b)(1) is intended to provide relief when a party has made an excusable mistake or when the court has made a substantive mistake of law or fact in the final judgment or order). Nonetheless, a motion under Rule 60(b)(1) would still fail because, like a motion under Rule 60(b)(3), it must be brought within one year from the date of entry of the final order or judgment. Fed. R. Civ. P. 60(c)(1).

Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

The Court has examined Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's denial of Petitioner's Rule 60(b) motion was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## V. Conclusion

For the reasons set forth above, Petitioner's Rule 60(b) motion will be denied. No certificate of appealability will be issued.

A separate order will issue.

Dated: July 9, 2008                    /s/ Gordon J. Quist
                                                                                                  GORDON J. QUIST
                                                                      UNITED STATES DISTRICT JUDGE